UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE PRIMAGE CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SHOREBANK PACIFIC, a Washington corporation, et al.,<br><br>    Defendants. | CASE NO. C10-5000BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

This matter comes before the Court on Defendants' (collectively "A-1" and "ShoreBank") respective motions to dismiss (Dkts. 37, 40). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motions for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

To support its claims Plaintiff The Primage Corporation's ("Primage") complaint provides very little in the way of relevant facts to the present RICO action. Having slogged through Primage's 215-page complaint, which is predominantly comprised of convoluted legalese and conclusory language, the Court has determined that this case appears to arise out of a dispute over Primage's discontent in being unable to acquire

ORDER - 1

Oregon's Columbia River Gorge Hotel ("CGH") because it was allegedly defrauded and the victim of a racketeering scheme whereby ShoreBank sold CGH to A-1 for what Primage believed to be an inadequate price rather than accept Primage's allegedly more attractive offer. *See* Dkt. 1 (Complaint) ¶¶ 7-25D.

ShoreBank and A-1 both bring motions to dismiss based on their contention that Primage's claims are either not actionable or unsupportable as currently pleaded. Dkts. 37, 40.

## II. DISCUSSION

### A. Motion to Dismiss Under 12(b)(6)

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in a plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Primage must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### B. RICO

Primage contends in its Complaint that A-1 and ShoreBank violated the RICO provisions of 18 U.S.C. § 1962(d). In opposition, A-1 and ShoreBank contend that Primage has not stated a claim under RICO, and that this claim should be dismissed. The

ORDER - 2

purpose of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., is twofold: (1) to protect legitimate enterprises from being victimized and (2) to protect the public from people using enterprises, both legitimate and illegitimate, as vehicles through which to conduct unlawful activity. *See National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 259 (1994).

RICO generally provides a civil remedy only for acts involving racketeering or the collection of unlawful debt. The list of activities that constitute racketeering is long and exhaustive. See 18 U.S.C. § 1961(1). In addition to substantive offenses, RICO outlaws conspiracies to violate any of its substantive provisions. See 18 U.S.C. § 1962(d). In order to sustain a conspiracy claim, Primage must prove either that the Defendant agreed to violate one of RICO's substantive provisions or that the Defendant committed two racketeering activities listed in 18 U.S.C. § 1962. *See U.S. v. Tille*, 729 F.2d 615, 619 (9th Cir. 1984). Generally, commission of racketeering activities requires the use of money obtained through racketeering or participation in the conduct of an enterprise's affairs through racketeering. Thus, a plaintiff is charged with proving that a defendant either agreed to violate RICO's provisions or actually committed two racketeering activities in order to maintain a conspiracy claim.

RICO makes it unlawful for any person who has received income from a pattern of racketeering activity to use or invest the income in any operation or interest affecting interstate commerce. 18 U.S.C. § 1962. In order to state a RICO claim, a plaintiff must plead (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering acts (predicate acts) (5) constituting the proximate cause of injury to plaintiff's property. 18 U.S.C. § 1862(c) and 18 U.S.C. § 1864(c); *Sedema, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

An enterprise is any individual, partnership, corporation, or other legal entity, and any union of a group of individuals associated in fact although not a legal entity. 18

ORDER - 3

U.S.C. § 1961(4). A plaintiff must plead the existence of a formal or informal ongoing organization that functions as a unit. *United States v. Turkette*, 452 U.S. 576, 580 (1981). The organization must have a structure and that structure must be separate from the pattern of alleged racketeering, providing a mechanism for controlling and directing the affairs of the enterprise. *Chang v. Chen*, 80 F.3d 1293, 1298 (1996). The structure must have a function beyond the commission of the predicate acts; existence of some other activities is sufficient. *Chang*, 80 F.3d at 214; *United States v. Riccobene*, 709 F.2d 214, 223-224 (3d Cir. 1989) *as amended*. There must also be a nexus between the enterprise and the predicate acts. *River City Markets, Inc. v. Fleming Foods West, Inc.*, 960 F.2d 1458 (9th Cir. 1992).

All three of RICO's substantive provisions require a pattern of racketeering, and the conspiracy provision requires an agreement or an actual violation of one of the substantive provisions. Thus, at the heart of any RICO claim is a requirement that there be a pattern of racketeering. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 154, 107 S. Ct. 2759 (1987). A pattern of racketeering is the commission of two or more racketeering activities, which are listed in 18 U.S.C. § 1961(1). In order to establish a pattern of racketeering, Primage must come forth with evidence of racketeering activities that are related to each other and span more than just weeks or months. *River City Mkts.*, 960 F.2d at 1464. In order to recover under RICO, Primage must demonstrate an injury to their business or property. 18 U.S.C. § 1964(c). Not all injuries are compensable under RICO. *Oscar v. University. Students Co-Op. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992). Rather, the injury must be concrete and financial. *Id.* Even economic consequences stemming from an essentially personal injury are not compensable under RICO. *See id.* at 786.

ORDER - 4

**1. A-1's Motion to Dismiss**

A-1 contends that Primage failed to allege that an enterprise, for purposes of RICO, existed in this case. The activity complained of here involved Primage's discontent with being unable to purchase CGH, a transaction it thought had been promised to Primage and not to A-1. The activity here was the purchase and sale of CGH. This is a contract problem, not a RICO problem. Even if it was potentially a RICO issue, Primage has not pleaded facts sufficient to support the existence an enterprise separate and apart from the pattern of activity in which the enterprise engages.

A-1 maintains that Primage has failed to allege a pattern of racketeering activity because all they have alleged is a single scheme related to a real estate deal involving CGH. Dkt. 54 at 5. The facts as pleaded by Primage in this case support, at most, that this case involved one real estate transaction concerning one property: CGH. Primage has not pleaded a pattern of racketeering activity sufficient to state a RICO claim.

A-1 contends that Primage has failed to allege with particularity the predicate acts based upon fraud, as is required by Fed. R. Civ. P. 9(b). *See* Dkt. 54 at 4. Primage argues that ShoreBank wrongfully selected A-1 as the purchaser of CGH despite Primage's "better" offer. Dkt. 46 at 12-13. Such an allegation cannot form the basis of establishing predicate acts under RICO. Primage has not satisfied the requirements for pleading a claim for fraud. To the extent Primage attempts to establish a deprivation to the right of honest services, *see* Dkt. 46 at 14-16, this argument is not viable given the failure of Primage to adequately allege facts supporting a claim of fraud. Further, Primage has failed to adequately allege facts that would support a deprivation of a right to honest services in general.

A-1 contends that Primage has failed to allege facts that would support a finding of injury and that it has failed to plead facts of a concrete financial injury. Primage's

ORDER - 5

mention of "lost profits" is not supported by facts. Accordingly, it has not suffiently pleaded facts of injury under RICO.

A-1 contends that Primage has failed to allege facts sufficient to state a claim for conspiracy under 18 U.S.C. § 1962(d), because the Complaint does not contain facts that would support a finding that an agreement existed to commit predicate acts. Dkt. 54 at 5. Because Primage has not stated a claim for substantive violation of RICO, it has not stated a claim for conspiracy under RICO.[1]

A-1 maintains that Primage's claims for vicarious RICO liability must fail. Dkt. 54 at 6. Vicarious RICO liability would be predicated on a finding of general RICO liability in the first place. Because Primage has failed to establish a viable RICO claim, its vicarious liability RICO claim also fails.

**2.     ShoreBank's Motion to Dismiss**

For the same reasons that Primage's RICO claims agianst A-1 fail, its RICO claims against ShoreBank also fail.

**3.     Conclusion**

Primage has attempted to show that relief could be granted for RICO claims. However, Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri*, 901 F.2d at 699.  Primage has failed to allege sufficient facts to support a cognizable RICO claim.

---

[1] Initially, one of Primage's theories regarding conspiracy was race related. It alleged in the complaint that this transaction between the defendants occurred, at least in part, due to the purchasers being of East Indian decent. In fact, however, the relevant persons involved with A-1 are not East Indian, a fact that destroys Primage's theory. Primage does not address this fact in its response to A-1's or ShoreBank's motion to dismiss; it appears to be an issue now dropped by Primage.

ORDER - 6

Therefore, the Court dismisses Primage's RICO claims against all Defendants in this matter without prejudice.

**C.    Primage's Other Requests and Claims**

**1.    A-1's Motion to Dismiss**

Primage's requests for (1) injunctive relief, (2) the creation of a constructive trust, and (3) declaratory judgment must fail. These claims are secondary to prevailing on the RICO claims or are otherwise not available in this matter. Therefore, these requests are denied.

A-1 moves the court to dismiss Primage's claims that A-1 (1) tortiously interfered with its business expectancy (prospective economic advantage), (2) violated the Washington Criminal Profiteering Act, and (3) violated the CPA and its claim for declaratory judgment under the Uniform Declaratory Judgment Act. Dkt. 45 at 7-8. A-1 addressed each of these claims in their motion to dismiss. Dkt. 37. Primage did not respond to the legal authority cited by A-1, which favors granting A-1's motion. It appears that Primage has abandoned these claims. In any event, Primage has failed to provide sufficient facts to support a cognizable legal theory pertaining to these claims. *See Balistreri*, 901 F.2d at 699 (requiring such a showing to avoid dismissal under Rule 12). For these reasons, these claims are dismissed without prejudice.

**2.    ShoreBank's Motion to Dismiss**

**a.    Similarity to A-1's Motion**

ShoreBank's motion to dismiss overlaps with the issues discussed above regarding A-1's parallel motion to dismiss. Compare Dkt. 37 with Dkt. 40. The claims falling into this overlap are dismissed for the same reasons as stated above. *See* Dkt. 53 (reply brief) at 9-12 (moving to dismiss claims regarding injunctive relief, Washington's Declaratory Judgment Act, Washington's Criminal Profiteering Act, Washington's Consumer Protection Act, and tortious interference).

ORDER - 7

### b.    ShoreBank's Other Bases for Dismissal

ShoreBank contends that Primage does not support its other common law claims for breach of implied covenant based on a fiduciary relationship. Dkt. 53 at 12. Indeed, Primage has not alleged that a contract ever existed between it and ShoreBank. Also, as ShoreBank accurately notes, Primage only lists the elements of negligent misrepresentation and does not support the allegation with sufficient facts. Therefore, these common law claims are dismissed.

ShoreBank maintains that Primage's allegations concerning the eleven non-defendant ShoreBank affiliates is not supported. *Id*. Primage merely recites conclusory statements and fails to plead facts with any specificity beyond threadbare recitals regarding this allegation. Therefore, Primage has failed to sufficiently plead facts to support its claim regarding the ShoreBank affiliates.

## III. ORDER

Therefore, it is hereby **ORDERED** that A-1's motion to dismiss (Dkt. 37) and ShoreBank's motion to dismiss (Dkt. 40) are **GRANTED**. This case is **DISMISSED** in its entirety without prejudice because Primage has failed to plead sufficient facts to support a cognizable legal theory.

DATED this 2nd day of July, 2010.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge